UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

EZEQUIEL TOGA POLITO,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.

_____/

Case No. 1:25-cv-1595

Honorable Robert J. Jonker

## **ORDER**

Petitioner initiated this action on December 1, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) When Petitioner filed his petition, he was detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center in Baldwin, Lake County, Michigan.

In an order entered on December 2, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus requested by Petitioner should not be granted. (ECF No. 2.) On December 5, 2025, Petitioner filed a motion to voluntarily dismiss this action without prejudice. (ECF No. 4.) Petitioner filed a corrected motion to voluntarily dismiss to correct Petitioner's name within the body of the motion. (ECF No. 5.) Petitioner, through counsel, represents that he has been released from custody pursuant to a grant of parole, and that his release renders his § 2241 petition moot. (*Id.*, PageID.14–15.)

The Supreme Court has held that under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). A case becomes moot "when the issues presented are no longer

'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Federal courts may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). As set forth above, in his § 2241 petition, Petitioner challenged his continued detention by ICE. Petitioner, however, was released from ICE detention. The Court, therefore, cannot grant the relief that Petitioner seeks— either release from custody or a bond hearing before an immigration judge. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Petitioner's request for such relief became moot on December 4, 2025, when he was released from ICE detention. *See Al-Khawalani v. U.S. Dep't of Homeland Security*, No. 2:19-cv-182, 2020 WL 1990965, at *1 (W.D. Mich. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 1986485 (W.D. Mich. Apr. 27, 2020). The Court, therefore, will grant Petitioner's motions to dismiss (ECF Nos. 4, 5) and dismiss Petitioner's § 2241 petition as moot.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Petitioner's motions to dismiss (ECF Nos. 4, 5) are **GRANTED**, and the Court will issue a judgment dismissing Petitioner's petition for writ of habeas corpus (ECF No. 1) without prejudice as moot.[1]

Dated:   December 8, 2025            /s/ Robert J. Jonker
                                     Robert J. Jonker
                                     United States District Judge

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).